FILED
US DISTRICT COURT
DISTRICT OF NEBRASKA

OCT 13 2026

OFFICE OF THE CLERK

# UNITED STATES DISTRICT COURT

for the

District of

Division

Case No. 4:26CV3344
(*to be filled in by the Clerk's Office*)

Richard B Bayson
*Plaintiff(s)*
(*Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.*)

-v-

City of Lincoln - Official Capacity
Superintendent of the Nebraska State Patrol - Official Capacity
Internal Affairs Seargeant Alex Stover - Personal Capacity
Lancaster County Sheriff c/o Lancaster County Attorney's Office
*Defendant(s)*
(*Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.*)

Jury Trial: (*check one*) ☑ Yes ☐ No

## COMPLAINT FOR A CIVIL CASE

### I. The Parties to This Complaint

#### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Richard B Bayson |
| Street Address | 4300 North 7th Street Apt 306 |
| City and County | Lincoln, Lancaster |
| State and Zip Code | Nebraska 68521 |
| Telephone Number | 347 806 4762 |
| E-mail Address | richard.bayson@yahoo.com |

#### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (*if known*). Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | City of Lincoln c/o City Attorney |
| Job or Title *(if known)* | City Attorney |
| Street Address | 555 South 10th Street |
| City and County | Lincoln, Lancaster County |
| State and Zip Code | Nebraska 68508 |
| Telephone Number | 402 471 7500 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | Lancaster County Sheriff c/o Lancaster County Attorney's Office |
| Job or Title *(if known)* | Lancaster County Sheriff |
| Street Address | 575 South 10th Street |
| City and County | Lincoln, Lancaster County |
| State and Zip Code | Nebraska 68508 |
| Telephone Number | 402 471 7326 |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | Superintendent of the Nebraska State Patrol c/o Nebraska Attorney General's office |
| Job or Title *(if known)* | Superintendent of the Nebraska State Patrol |
| Street Address | 4600 Innovation Drive |
| City and County | Lincoln, Lancaster County |
| State and Zip Code | Nebraska 68509 |
| Telephone Number | 402 471 2682 |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | Seargeant Alex Stover Internal Affairs Unit, Lincoln Police |
| Job or Title *(if known)* | Internal Affairs Seargeant |
| Street Address | 575 South 10th Street |
| City and County | Lincoln, Lancaster County |
| State and Zip Code | Nebraska 68508 |
| Telephone Number | 402 441 6000 |
| E-mail Address *(if known)* | |

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☑ Federal question ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case. Fourth Amendment to the U.S. Constitution (Unreasonable, warrantless, suspicionless, investigatory surveillance and possible GPS/electronic tracking)
First Amendment to the United States Constitution - retaliation for filing an Internal Affairs complaint.
Fourteenth Amendment to the United States Constitution - deprivation of Liberty interest, arbitrary and selective enforcement and harassment under color of Law.
42 U.S.C. §1983 - Civil Action for deprivation of rights under color of State law.

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

a. If the plaintiff is an individual

The plaintiff, *(name)* ____________________, is a citizen of the State of *(name)* ____________________.

b. If the plaintiff is a corporation

The plaintiff, *(name)* ____________________, is incorporated under the laws of the State of *(name)* ____________________, and has its principal place of business in the State of *(name)* ____________________.

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

a. If the defendant is an individual

The defendant, *(name)* ____________________, is a citizen of the State of *(name)* ____________________. Or is a citizen of *(foreign nation)* ____________________.

b. If the defendant is a corporation

The defendant, *(name)* ________________, is incorporated under the laws of the State of *(name)* ________________, and has its principal place of business in the State of *(name)* ________________.

Or is incorporated under the laws of *(foreign nation)* ________________, and has its principal place of business in *(name)* ________________.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3. The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

SEE ATTACHMENTS

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

- Emotional Distress - constant stress while driving, fear of being followed, loss of peace of mind, escalation after Internal Affairs, Fear, Anxiety

- The Plaintiff seeks compensatory damages in the amount of $10,000,000 for emotional distress, fear, anxiety/constant stress while driving, loss of peace of mind and psychological harm caused by prolonged surveillance intimidation/escalation.

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 10/13/2026

Signature of Plaintiff [signature]

Printed Name of Plaintiff Richard B Bayson

### B. For Attorneys

Date of signing: ____________

Signature of Attorney ____________

Printed Name of Attorney ____________

Bar Number ____________

Name of Law Firm ____________

Street Address ____________

State and Zip Code ____________

Telephone Number ____________

E-mail Address ____________

STATEMENT OF CLAIMS

Claim 1 - Fourth Amendment (42 U.S.C.§1983) Unreasonable Warrantless Investigatory Surveillance

The defendants, acting under color of state law, engaged in prolonged, targeted, and unjustified investigatory surveillance of the plaintiff without a warrant and without reasonable suspicion or probable cause.

For several months, officers from the Lincoln Police Department and the Nebraska State Patrol repeatedly follow the plaintiff across multiple locations in Lincoln, Nebraska, using the same officers and vehicles, creating a pattern of continuous surveillance.

This surveillance was not connected to any lawful investigation, traffic stop, citation, or criminal suspicion. The Plaintiff was not the subject of any criminal inquiry, and no legitimate law-enforcement purpose justify the prolonged monitoring.

The plaintiff reported the surveillance to the Lincoln Police Department's Internal Affairs Division, but the conduct continued and escalated, including the traffic stop resulting in a " warning ticket" issued without reasonable suspicion.

The prolonged, warrantless investigatory surveillance and unjustified traffic stop constitute an unreasonable search and seizure in violation of the Fourth Amendment to the United States Constitution.

The plaintiff brings this claim under 42 U.S.C.§1983.

The Plaintiff's vehicle is equipped with OnStar technology, which includes GPS-based location capabilities. Because The plaintiff has repeatedly observed police vehicle was appearing in his vicinity across multiple locations in Lincoln, Nebraska, The plaintiff believes that law enforcement officers may be accessing, monitoring, or otherwise using GPS-related information to track his movements. The plaintiff cannot confirm whether officers accessed OnStar data, placed a physical GPS device on the vehicle, or use another form of electronic tracking, but the pattern of constant monitoring is consistent with investigatory surveillance. If officers used Any form of GPS or electronic tracking, such conduct would constitute a search under the Fourth Amendment and would require a warrant. The plaintiff is not aware of any warrant or lawful authorization for such tracking. Whether the surveillance was conducted through GPS technology, electronic monitoring, or visual tailing, The prolonged and unjustified monitoring of the plaintiffs movements constitute an unreasonable search in violation of the Fourth Amendment.

Claim 2 - Fourteenth Amendment
Harassment Under Color of Law ( 42 U.S.C.§1983)

The plaintiff realleges and incorporates all proceeding paragraphs as though fully set forth herein.

For several months, unknown officers from the Lincoln Police Department and the Nebraska State Patrol engaged in a pattern of repeated, targeted, and unjustified following of the plaintiff throughout Lincoln, Nebraska.

The plaintiff was not the subject of any criminal investigation, warrant, or lawful inquiry. The repeated following had no legitimate law enforcement purpose and served only to intimidate, harass, and interfere with plaintiff's freedom of movement.

The plaintiff reported this conduct to the Lincoln Police department's Internal Affairs Division, placing the department on notice of the ongoing harassment. Despite this notice, The conduct continues and escalated.

The continued surveillance and intimidation after notice to Internal Affairs, constitute arbitrary and conscience-shocking conduct undertaken under color of state law.

The defendant's actions deprived the planet of Liberty interest protected by the 14th Amendment, including the right to be free from arbitrary government harassment and intimidation.

This Claim is brought pursuant to 42 U.S.C.§1983 against unknown officers of the Lincoln Police Department and the Nebraska State Patrol.

Claim 3 - First Amendment Retaliation
(42 U.S.C.§1983)- Escalation After Internal Affairs Complaint

The plaintiff realleges and incorporates all proceeding paragraphs as though fully set forth herein.

The plaintiff engaged in protected First Amendment activity by reporting police misconduct and filing a formal complaint with the Lincoln Police Department's Internal Affairs Division.

After the Plaintiff filed the Internal Affairs complaint, The surveillance and following by unknown officers escalated, including increased frequency of encounters, more aggressively following, and a traffic stop resulting in a " warning ticket" issued without reasonable suspicion.

The escalation of surveillance and the unjustified traffic stop occurred only after the plaintiff exercise his first amendment right to petition the government for redress of grievances.

The adverse actions taken by the defendants would deter a person of ordinary firmness from exercising First Amendment rights.

The Defendant's conduct was motivated, at least in part, by the plaintiffs protected activity, as evidenced by the timing and escalation following the internal affairs complaint.

The defendants acted under color of state law, and their retaliatory conduct violated the plaintiff's rights under the first amendment to the United States Constitution.

This claim is brought pursuant to 42 U.S.C. §1983 against unknown officers of the Lincoln Police Department and the Nebraska State Patrol.

Claim 4 – Fourth Amendment (42 U.S.C. §1983)
'Unreasonable Seizure by Show of Authority'
'Suspicionless, Warrantless Investigatory Maneuver

To the Defendants:
On October 4, 2026, I was driving lawfully northbound on North 27th Street approaching the intersection at Holdrege Street. Without warning, a Lincoln Police Department patrol vehicle suddenly entered North 27th Street from my right side, emerging from an unknown side street. At the exact moment I was already in the middle of the roadway, the officer activated emergency lights and sirens. This forced me to brake abruptly in the middle of the intersection to avoid a collision.

Your maneuver was sudden, dangerous, and reckless.
You created a near-accident situation.
You did not initiate a lawful traffic stop.
You did not provide any explanation for the emergency activation.
You did not possess reasonable suspicion or probable cause.
You restricted my freedom of movement through a show-of-authority seizure , even though no lawful stop was initiated.

Your conduct was suspicionless , 'warrantless , and investigatory in nature , executed without any lawful basis. The emergency activation constituted an unreasonable seizure under the Fourth Amendment because a reasonable person in my position would not have felt free to leave or continue driving safely.

This incident is part of a repeated pattern of harassment and proximity-based surveillance carried out by Lincoln Police Department officers, Lancaster County Sheriff's deputies, and Nebraska State Troopers. This pattern includes:

- patrol vehicles pulling up directly next to me,
- patrol vehicles positioning behind me,
- patrol vehicles driving in front of me,
- patrol vehicles appearing at multiple locations I travel through,
- repeated presence without lawful justification,
- repeated investigatory maneuvers designed to intimidate, monitor, or restrict my movement.

Your actions form a continuous pattern of suspicionless investigatory conduct, executed without warrants, without reasonable suspicion, and without probable cause. These actions constitute an unreasonable seizure and violate the Fourth Amendment's protection against arbitrary governmental intrusion.

ATTACHMENT TO SECTION II - Basis for Jurisdiction

This Court has jurisdiction under 28 U.S.C.§1331 Because the plaintiff's claims arise under the Constitution and laws of the United States, including the Fourth Amendment, 14th Amendment, and First Amendment, brought pursuant to 42 U.S.C.§1983. Jurisdiction It's also proper under 28 U.S.C.§1343(a)(3), which provides jurisdiction over civil actions seeking to redress the deprivation of constitutional rights under color of state law.