IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RICHARD BAYSON,<br><br>Plaintiff, pro se,<br><br>v.<br><br>CITY OF LINCOLN, ET AL.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 4:26cv3344<br><br>DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO DISMISS |

COMES NOW, Defendant, Lancaster County, on behalf of the Lancaster County Sheriff's Office, by and through Morgan R. Sanchez and Kyle C. Jedlicka, Deputy Lancaster County Attorneys, and pursuant to NECivR 7.1(a)(1), submit this brief in support of their Motion to Dismiss, which has been filed contemporaneously herewith.

## ARGUMENT

### I. The Summons Issued On the Lancaster County Attorney's Office and Service on Chief Deputy County Attorney Is Deficient and Constitutes Insufficient Process and Insufficient Service Of Process Pursuant to Fed. R. Civ. P. 12(b)(4) & (5).

Fed. R. Civ. P. 12(b)(4) and (5) govern defenses to insufficient service, and insufficient service of process within federal suits, and must be plead prior to a responsive pleading. Service is insufficient

when delivery is invalid, service is made on an improper party, delivery is never accomplished, or not accomplished within 90 days of commencement of the suit.

When serving a foreign, state, or local government, Fed. R. Civ. P. 4(j) applies, and can only be accomplished by: (A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant. Looking to Nebraska law, a county must be served via the chief executive officer or clerk through personal, residence, certified mail, or designated delivery service. Neb. Rev. Stat. § 25-510.02.

Subsequent to plaintiff's filing of this action on or about October 13, 2026, he filed a summons, directing it to "Lancaster County" to be delivered care of the Lancaster County Attorney's Office. (Pl.'s Summons, p. 7). As a result, the Complaint for this action was served upon the Chief Deputy County Attorney, Christopher Turner. The Lancaster County Attorney's Office is not the proper party to be listed in the summons, nor was Christopher Turner the proper party to receive the service because neither are authorized to accept service on behalf of the County.

By directing the summons to the Lancaster County Attorney's Office, and delivering the service upon the Chief Deputy County Attorney, rather than the Lancaster County Clerk, Plaintiff has failed to produce a sufficient summons equating to deficient process, and has not perfected service upon the proper entity equating to deficient service of process pursuant to Nebraska Law and Rule 12(b)(4) and (5). Accordingly, the court should dismiss Plaintiff's complaint for insufficient process and insufficient service of process pursuant to Fed. R. Civ. Pro. 12(b)(4) & (5).

## II. The U.S. District Court for the District of Nebraska Lacks Personal Jurisdiction Over Lancaster County Pursuant to Fed. R. Civ. P. 12(b)(2).

In conjunction with the summons and service issues identified in Section I above, the Plaintiff has named in his complaint the Lancaster County Sheriff in his official capacity as a Defendant to this suit. As a result, the Plaintiff has failed to name the proper party in interest because the Lancaster County Sheriff—in an official context—is an entity that has no legal capacity and cannot be expected to maintain an independent lawsuit.

In order to sue a public official in his individual capacity, the Nebraska Supreme Court and the Eighth Circuit have established that a plaintiff in a § 1983 action must expressly and unambiguously state so in the complaint, otherwise it will be assumed that the defendant is being sued in their official capacity. *Holmstedt v. York Cnty. Jail Supervisor*, 275 Neb. 161, 169–70, 745 N.W.2d 317, 323–24 (2008) (citing *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999)). When a suit is filed seeking a damages judgment against a government official in their official capacity, the real party in interest becomes the government entity itself. *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S. Ct. 3099, 3105, 87 L. Ed. 2d 114 (1985). In this case, the Sheriff was not named in his personal capacity expressly and unambiguously by the Plaintiff. Thus, the proper party in interest becomes Lancaster County itself.

As such, under Nebraska law, lawsuits that are effectively against a county must be brought against the county directly, as only the county, "may sue and be sued…" Neb. Rev. Stat. § 23-101. The Nebraska Court of Appeals considered this question when it determined that a plaintiff's suit against York County Sheriff's

Department could not be maintained because the claim must be brought against the county. *Holmstedt v. York Cnty. Jail Supervisor (Name Unknown)*, 15 Neb. App. 893, 905, 739 N.W.2d 449, 461 (Neb. Ct. App. 2007), rev'd only on other grounds, *Holmstedt v. York Cnty. Jail Supervisor (Name Unknown)*, 275 Neb. 161, 169–72, 745 N.W.2d 317, 323–25 (2008). Just as in *Holmstedt*, the plaintiff in this case is attempting to sue Lancaster County but has completely failed to name the real party in interest. Consequently, this Court lacks personal jurisdiction to hear this case as the proper sovereign was not named as a defendant. The court should dismiss Plaintiff's complaint due to lack of personal jurisdiction pursuant to Fed. R. Civ. Pro. 12(b)(2).

**III. All Four Of Plaintiff's Stated Causes of Action Contained Within the Complaint On Their Face Fail To State A Claim Upon Which Relief Can Be Granted Pursuant to Fed. R. Civ. P. 12(b)(6).**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to satisfy this requirement, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Corrado v. Life Inv'rs Ins. Co. of Am.*, 804 F.3d 915, 917 (8th Cir. 2015) (quoting *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In analyzing a motion to dismiss, the Court must "accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party, but [is] not bound to accept as true '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements' or legal conclusions couched as factual allegations." *McDonough v. Anoka Cnty.*, 799 F.3d 931, 945 (8th Cir. 2015) (quoting *Ashcroft*, 556 U.S. at 678). The factual allegations should "nudge" the alleged conduct "across the line from conceivable to plausible," otherwise, the complaint must be dismissed for failure to state a claim upon which relief can be sought. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007).

To meet this burden, the United States Supreme Court and the Eighth Circuit have established that a claim under § 1983 involves two specific elements: first, the complaint must allege a violation of a right protected by the United States Constitution or federal statute; and

second, the plaintiff must show that deprivation of that right was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). "Person" as defined under § 1983 is not limited to one individual actor, but may also be construed as to mean a municipality or local government. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978).

Imperatively, the distinction between whether a defendant is being sued in their individual or official capacity changes the plaintiff's burden. Under § 1983, a suit against a public employee in his or her official capacity is merely a suit against the public employer. *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir.1999) (citing *Kentucky v. Graham*, 473 U.S. 159, 105 S. Ct. 3099, 87 L.Ed.2d 114 (1985)). In order to prevail on a local government claim under § 1983, the plaintiff must claim that the deprivation resulted from an "official policy, unofficial custom, or deliberately indifferent failure to train or supervise." *Corwin v. City of Independence*, 829 F.3d 695, 699 (8th Cir. 2016) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)); *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989).

In the present case, the Plaintiff names the Lancaster County Sheriff in his official capacity. Applying the standard of *Holmstedt*, the Plaintiff did not expressly or unambiguously state the Sheriff as a Defendant in his individual capacity, thus the suit against the Sheriff is a suit against the public employer, Lancaster County.

The complaint alleges four causes of action for violations of the Plaintiff's first, fourth, and fourteenth amendment rights, all brought under 42 U.S.C.A. § 1983. At a minimum, in order for the Plaintiff to survive a dismissal, the face of his complaint must be able to connect an official policy, unofficial custom, or training failure leading to his alleged deprivation. Applying the standards in *Iqbal* and *Twombly*, those stated claims, taken as true, cannot rely on mere speculation, and must allow the court to reasonably infer that the Lancaster County Sheriff, or his Deputies, are liable for the alleged misconduct. Plaintiff clearly fails to meet this burden.

Out of all the pages comprising the Plaintiff's initial complaint, the Lancaster County Sheriff's Office ("LSO") is mentioned in one singular instance. Under "Claim 4" of Plaintiff's complaint, he alleges that a Lincoln Police Department ("LPD") patrol vehicle's actions resulted in a deprivation of his fourth amendment rights by "emerging

from an unknown street" and "activat[ing] emergency lights and sirens" causing the Plaintiff to "break abruptly in the middle of the intersection to avoid a collision." At no time does the Plaintiff mention LSO. He follows immediately after by stating, "This incident is a part of a repeated pattern of harassment and proximity-based surveillance carried out by Lincoln Police Department officers, Lancaster County Sheriff's deputies, and Nebraska State Troopers." The plaintiff goes on to include examples of the "surveillance-like" conduct, but does not explicitly state, or even impliedly allege which of the three entities involved are engaged in such conduct. Rather, he makes various ambiguous statements which fail to draw even a blurry line between factual allegation and the alleged perpetrator(s).

Plaintiff's complaint does not contain a single allegation that presents factual statements in which a reasonable court could identify as plausible evidence that the Lancaster County Sheriff or its Deputies are liable for the deprivation of his constitutional rights. While he makes numerous allegations against LPD and the Nebraska State Patrol ("NSP"), the complaint contains zero factual allegations attributable to LSO.

Further, the Plaintiff subsequently filed four "notices" with this Court as an attempt to supplement his initial complaint. The first supplement to the complaint, filed on October 16, 2026, includes approximately thirty-four pages of observed "incidents" where the plaintiff believes the LPD, NSP, and/or LSO, deprived him of his constitutional rights under the color of state law. For example, Plaintiff states on page ten, "[A]t 9:53 a.m., a Lancaster County Sheriff's Office vehicle appeared on Superior Street traveling northbound while you were traveling southbound." (Doc. #5, p. 10). On page 11, Plaintiff states, "[A]t 9:59 a.m., a Lancaster County Sheriff's Office vehicle appeared at the intersection where Atlas Avenue crosses North 14th Street, traveling northbound as you traveled southbound." (Doc. # 5, p. 10). Plaintiff's first supplement to his complaint contains third-person descriptions of what he observed as an LSO officer on a public roadway, traveling past his vehicle, with no further mention of any alleged illegal conduct. The Plaintiff makes no statements on official policies, unofficial customs, nor does he present factual allegations of deliberate indifference to training that constitute a deprivation of the Plaintiff's constitutional rights. Taking this information as true in a light most favorable to the plaintiff, no

reasonable court could infer that these actions constitute a § 1983 violation.

Plaintiff's three other supplements to his complaint, filed on October 19 and 22, 2026, respectfully, include a copy of the internal affairs report plaintiff filed with LPD, and his acknowledgement of video evidence in his possession, do nothing to further state any allegations against LSO. None of plaintiff's subsequent filings support even a bare minimum inference that LSO is engaged in the deprivation of the plaintiff's constitutional rights under color of state law, rather it leads to the question of whether LSO or any of its deputies are even involved to begin with.

The Plaintiff's allegations against Lancaster County fall even below the standard of mere speculation, and provides nothing that could allow this Court to reasonably infer that LSO is liable for the alleged misconduct, resulting in a claim for relief against Lancaster County that cannot be granted. The court should dismiss Plaintiff's complaint because Plaintiff has failed to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). **CONCLUSION**

Under Fed. R. Civ. P. 12(b)(2), (4), and (5), plaintiff's lack of sufficient process and service of process have resulted in the United

States District Court for the District of Nebraska lacking personal jurisdiction over Lancaster County in this matter. Further, pursuant to Fed. R. Civ. P. 12(b)(6), the plaintiff within the four corners of his complaint, and his subsequent supplemental filings, do not present a singular claim against Lancaster County upon which relief can be granted. Based on these stated defenses, Defendant, Lancaster County, respectfully requests that this Court grant the Motion to Dismiss with prejudice.

THE COUNTY OF LANCASTER,
NEBRASKA, Defendant.

PATRICK CONDON
County Attorney.

By: *\/s/ Morgan R. Sanchez*

Morgan R. Sanchez #28200
Kyle C. Jedlicka, #28738
Deputy Lancaster County Attorney
605 South 10th Street
Lincoln, NE 68508
(402) 441-7321
msanchez@lancaster.ne.gov
kjedlicka@lancaster.ne.gov

## CERTIFICATE OF SERVICE

I hereby certify that on November 5, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of the filing on this 5th day of November, 2026 to the following:

Richard Bayson, pro se.
4300 North 7th Street, Apt 306
Lincoln, NE 68521
*Plaintiff, pro se*

Sara J. Rada
City Attorney's Office
SRada@lincoln.ne.gov
*Defendant*

Alex Stover
Lincoln Police Department
Internal Affairs
LPD1757@cjis.lincoln.ne.gov
*Defendant*

Colonel Bryan D. Waugh,
Superintendent, Nebraska State Patrol
4600 Innovation Drive
Lincoln, NE 68521

By: *<u>/s/ Morgan R. Sanchez</u>*
Morgan R. Sanchez, #28200
Kyle C. Jedlicka, # 28738
Deputy Lancaster County Attorneys

**CERTIFICATE OF COMPLIANCE**

The undersigned certifies that the foregoing brief complies with NECivR 7.1(d)(1): the brief was generated on Microsoft Word Version 2609 and totals 2,480 words in Century 12 pt. type. The undersigned further certifies this brief complies with NeCivR 7.1(d)(2): all citations and arguments are accurate and reliable and were drafted without the use of generative artificial intelligence.

By: *_/s/ Morgan R. Sanchez_*
Morgan R. Sanchez, #28200
Kyle C. Jedlicka, # 28738
Deputy Lancaster County Attorneys