**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| **RICHARD B. BAYSON,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**CITY OF LINCOLN, et al.,**<br><br>**Defendants.** | **Case No. 4:26-cv-03344**<br><br>**DEFENDANTS' CITY OF LINCOLN AND SGT. ALEX STOVER BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |

Defendants City of Lincoln ("City") and Lincoln Police Sergeant Alex Stover ("Sgt. Stover") (collectively, "City Defendants") submit this brief in support of their Motion to Dismiss Plaintiff's Complaint. City moves to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(4), (5), and (6) and Sgt. Stover moves the Court to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

## I. NATURE OF THE CASE AND FACTS.

On October 13, 2026, Plaintiff filed a Complaint suing City Defendants under 42 U.S.C. § 1983 for violations of his First, Fourth, and Fourteenth Amendment Rights under the U.S. Constitution. (Filing Nos. 1 at 3). On October 16, 2026, Plaintiff filed a "Motion to Supplement the Record with Chronology of Surveillance Incidents and Notice of Video Records." (Filing No. 5). On October 17, 2026, Plaintiff filed a "Motion to Supplement the Record with Internal Affairs Complaint Meeting and Notice of Retaliatory Enforcement Action" and a "Notice of Video Evidence in Plaintiff's Possession." (Filing Nos. 7-8). The Court issued Text Orders stating it would construe Filing Nos. 5 and 7 as a Supplements to Plaintiff's Complaint. (Filing Nos. 6 and 9).

In his Complaint and supplemental filings Plaintiff alleges that law enforcement agencies, including the Lincoln Police Department ("LPD"), have engaged in "prolonged, targeted, and unjustified investigatory surveillance" of him. (Filing Nos. 1 at 6).

Plaintiff alleges a series of instances between June 18, 2025, to October 12, 2026, in which law enforcement officers, including officers from LPD, were in his vicinity. (Filing No. 5). For example, Plaintiff alleges on numerous occasions that a LPD vehicle drove in an area near his vehicle or was present at a location he was at. (*See e.g.* Filing No. 5. at 3- "On October 20, 2025…I was parked behind the [l]ibrary…During this time, a LPD unit drove past the rear of the library."; Filing No. 5 at 10- "…on August 13…[I] encountered three LPD vehicles simultaneously at the Taco Bell…All three vehicles left the location immediately upon [my] arrival."; Filing No. 5 at 19- On September 8, 2026, "I was stopped at a traffic light…At that exact same time, a LPD vehicle approached the intersection and made a left turn in the same vicinity while I was positioned at the light.")

Interestingly, Plaintiff only alleges two instances in which law enforcement initiated contact with him. Plaintiff alleges on November 22, 2025, he was driving eastbound Interstate I-80 and was contacted by an officer after Plaintiff pulled and parked in front of the officer's vehicle. (Filing No. 5 at 5). Plaintiff alleges the officer approached his vehicle, used a flashlight to look inside, and returned to his law enforcement vehicle. *Id*. Plaintiff does not allege which law enforcement department initiated this contact. Plaintiff also alleges that on March 17, 2026, he was stopped by officers with LPD and issued a warning for speeding. (Filing No. 5 at 6). Plaintiff does not allege he was arrested or even asked to step out of his vehicle. *Id.*

Also of note, Plaintiff alleges on October 4, 2026, he was the subject of an illegal seizure when an LPD officer activated his lights and sirens causing Plaintiff to break abruptly. Plaintiff

makes no allegations that the officer was attempting to initiate a traffic stop on him, nor that the officer contacted him. (Filing No. 5 at 29).

In regard to Sgt. Stover, Plaintiff alleges he had a meeting with Sgt. Stover on December 30, 2025, and sent him a follow-up email on March 22, 2026, to discuss his concerns with the "repeated interactions [he] had been experiencing with officers from LPD, as well as other law-enforcement agencies." (Filing No. 5 at 5 and Filing No. 7 at 6). Plaintiff alleges that after he filed an "Internal Affairs complaint, the [s]surveillance and following by unknown officers escalated, including increased frequency of encounters, more aggressively following, and a traffic stop resulting in a "warning ticket," issued without reasonable suspicion. (Filing No. 1 at 7 and Filing No. 7 at 4).

As addressed below, Plaintiff has not provided proof of service to the Court. However, the Complaint for this action was served upon Assistant City Attorney, Renae Musekamp, who is not the City's Chief Executive Officer or the City Clerk. The Complaint against City should be dismissed pursuant to Fed. R. Civ. P. 12(b)(4) and (5). Furthermore, Plaintiff has failed to state a claim against both City Defendants upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). The Complaint relies primarily on allegations that LPD officers were present in the same public areas as Plaintiff on various occasions without making contact. The Complaint contains no factual allegations of wrongdoing by Sgt. Stover. Consequently, Plaintiff has failed to plead sufficient facts that any action by City Defendants violated his rights under the First, Fourth, and Fourteenth Amendments to U.S. Constitution.

## II. STANDARD OF REVIEW.

### a. Motion to Dismiss Standards.

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is a challenge to the sufficiency of the allegations set forth in the complaint. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 US. 662, 678 (2009), *quoting Bell Atlantic Corporation v. Twombly*, 550 U.S. 554, 570 (2007). The pleading standard in Rule 8 does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. *Id., quoting Twombly*, 550 U.S. at 555. To satisfy the plausibility standard, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Ashcroft*, 556 U.S. at 678. Legal conclusions couched as factual allegations may be disregarded on a motion to dismiss. *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Ashcroft, 556 U.S. at 678, quoting Bell Atlantic Corp.*, 550 U.S. at 557.

**b. Municipal Liability Under § 42 U.S.C. 1983.**

In order to state a claim for § 1983 liability against a municipality, a plaintiff must show that a constitutional violation resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise. *Corwin v. City of Independence*, 829 F.3d 695, 699 (8th Cir. 2016). "An official policy is 'a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters.'" *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999). To allege a § 1983 claim against City that is based on an official policy, Plaintiff must identify "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by [the City's] officers." *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 690–91 (1978).

"A custom is 'a practice [that] is so widespread as to have the force of law." *Perryman v. City of Bloomington*, 704 F. Supp. 3d 961, 967 (D. Minn. 2023). For liability to attach pursuant to a "custom," a plaintiff must allege: (1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice of that misconduct; and (3) the plaintiff was injured by acts pursuant to the governmental entity's custom. *Troupe v. Young*, 143 F.4 955, 973 (8th Cir. 2025).

Finally, Plaintiff must allege that an official policy or custom not only caused the constitutional violation but was the moving force behind it. *Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989). "Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990).

**c. Individual Liability Under § 1983.**

To state a claim against a law enforcement officer under 42 USC § 1983, a plaintiff must allege sufficient facts to show (1) that the defendant acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right. *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009). For individual defendants, "[A] plaintiff must plead and allege facts demonstrating that each individual officer, through his own personal involvement in the alleged unconstitutional conduct, violated the plaintiff's civil rights." *Luong v. House*, 669 F. Supp. 3d 735, 746 (S.D. Iowa 2023). In order to hold an individual defendant personally liable for the deprivation of a constitutional right, it must be shown that the defendant engaged in "some affirmative act, participated in the affirmative act of another, or failed to perform an act which resulted in the deprivation of [the] plaintiff's federally protected rights." *Temple v. Dahm*, 905 F. Supp. 670, 672 (D. Neb. 1995). [E]ach Government

official…is only liable for his or her own misconduct." *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010), quoting *Ashcroft,* 556 U.S. at 677.

## III. ARGUMENT.

### a. Plaintiff Has Failed to Properly Serve Defendant City of Lincoln.

As of the writing of this brief, Plaintiff has not provided proof of service to the Court. (*See* Fed. R. Civ. P. 4(l)(1) stating proof of service must be by the server's affidavit," and Filing No. 11 in which Plaintiff alleges the Lancaster County Sheriff's Office confirmed that all but one summons had been served. Plaintiff does state which defendants have been served or provide any server's affidavits.)

Fed. R. Civ. P. 4(j)(2) states that a State or Local Government must be served by:

(a) Delivering a copy of the summons and of the complaint and its chief executive officer;

(b) Serving a copy of each in the manner prescribed by the state's law for serving a summons on or like process on such a defendant.

Neb. Rev. Stat § 25-510.02(2) states that "any county, city, or village of this state may be served by personal, residence, certified mail, or designated delivery service upon the chief executive officer or clerk."

Of note, the Complaint was served by the Lancaster County Sheriff on Assistant City Attorney, Renae Musekamp. Assistant City Attorney, Renae Musekamp is not the City's Chief Executive Officer nor is she part of the Lincoln City Clerk's Office. Plaintiff has failed to serve City pursuant to Fed. R. Civ. P. 4(j)(2) and 12(b)(4) and (5).

### b. Plaintiff Has Failed to Allege Violations of His First, Fourth, and Fourteenth Amendment Rights Under the U.S. Constitution.

Plaintiff has failed to state a plausible claim against City Defendants for alleged violations of his rights under the First, Fourth, and Fourteenth Amendments to the U.S. Constitution. Regarding **Claims 1 and 4**, Plaintiff alleges that City Defendants violated his Fourth Amendment rights by subjecting him to "Unreasonable Warrantless Investigatory Surveillance" and "Unreasonable Seizure by Show of Authority." (Filing No. 1 at 6 and 8). The Fourth Amendment gives people the right "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. **In Claim 1**, Plaintiff does not allege his person or property was subjected to an actual search, rather, he attempts to frame what he alleges as "investigatory surveillance," as a Fourth Amendment search. However, Plaintiff fails to plead facts demonstrating how City Defendants were actively surveilling or searching him. Almost all of Plaintiff's allegations merely establish that LPD officers were, at times, present in his general vicinity. (*See e.g.* Filing No. 5 a 5 – "On November 25, 2025…I was parked inside Bethany Park…a police vehicle drove directly in front of my parked vehicle…"; and Filing No. 5 at 13 – [O]n August 10, 2026, I was seated inside my vehicle parked behind….[a] library. A LPD vehicle, drove past my location…The officer did not stop or initiate contact.") The mere physical presence of law enforcement in the same area does not constitute surveillance or a search subject to Fourth Amendment protections. Furthermore, Plaintiff concedes that he cannot confirm his speculation that law enforcement accessed or monitored his GPS data. (Filing No. 1 at 6).

In regard to **Claim 4**, Plaintiff claims he was subject to an unlawful seizure, due to law enforcement's "continuous pattern of suspicionless investigatory conduct." (Filing No. 1 at 8-9). In order for "seizure" to have occurred, there must either be some application of physical force, or a show of authority to which the subject yields. *California v. Hodar*, 499 U.S. 621, 626

(1991). To establish a seizure, Plaintiff would have to allege that in view of all the circumstances, a reasonable person would have believed that he was not free to leave. *United States v. Mendenhall*, 100 S.Ct. 1870, 554 (1980).

Plaintiff only identifies one instance involving actual contact initiated by LPD officers, and Sgt. Stover was not present during that encounter. Plaintiff alleges he received a warning for speeding on March 17, 2026. (Filing No. 7 at 4). Plaintiff's March 17, 2026, Warning Form indicates that the LPD officer used his radar to establish probable cause that Plaintiff was speeding, briefly stopped the car to issue the warning, and quickly released Plaintiff. (Filing No. 7 at 4 and Filing No. 5 at 6). This encounter was not an unreasonable seizure. (*See U.S. v. Hollins*, 685 F.3d 703, 706 (2012) "Any traffic violation, however minor, provides **probable cause** for a traffic stop.").

Plaintiff fails to allege further conduct by City Defendants that would constitute a seizure. Plaintiff repeatedly acknowledges that LPD officers (none of whom are even alleged to be Sgt. Stover) drove by him without initiating contact or stopping his vehicle, meaning they were not displaying a show of authority. (*See e.g.* Filing No. 5 at 13, 19, and 23). While Plaintiff alleges a seizure occurred when an officer stopped a separate vehicle—causing Plaintiff to brake abruptly on October 4, 2026—this action does not constitute a show of authority directed at Plaintiff (Filing No. 5 at 29). Because no actions by City Defendants constitute a show of authority that would cause a reasonable person to believe they were not free to leave, Plaintiff has not plausibly alleged he was subjected to a seizure.

In regard to **Claim 2**, Plaintiff alleges he was subjected to government harassment and intimidation in violation of his rights under the Fourteenth Amendment. (Filing No. 1 at 7). The Due Process Clause of the Fourteenth Amendment protects individuals from arbitrary or

oppressive behavior by government officials. *Daniels v. Williams*, 474 U.S. 327, 331 (1986). To state a substantive due process claim against a municipality or state official, a plaintiff must demonstrate that a fundamental right was violated and that the municipality's conduct shocks the conscience. (*See Lund v. Hennepin County*, 427 F.3d 1123, 1126 (8th Cir. 2005); *Folkerts v. City of Waverly, Iowa*, 707 F.3d 975, 980 (8th Cir. 2012)).

Between June 2025 and October 2026, Plaintiff noted instances of LPD presence in his vicinity while in public spaces. He acknowledges officers did not approach, stop, or engage with him. (*See e.g.* Filing No. at 3, 10, and 19). Plaintiff does not allege LPD officers threatened or coerced him. The only direct contact Plaintiff had with LPD was a warning for speeding. (Filing No. 5 at 6). The complaint fails to specify any conduct by City Defendants that could plausibly be deemed harassing, excessive, or shocking.

Regarding **Claim 3**, Plaintiff asserts that all named defendants violated his First Amendment rights by retaliating against him for reporting potential law enforcement surveillance to Internal Affairs. (Filing No. 1 at 7). For a First Amendment retaliation claim under § 1983 Plaintiff must allege three elements: (1) the plaintiff engaged in protected activity, (2) the government took adverse action against the plaintiff that would chill a person of ordinary firmness from continuing in the activity, and (3) the adverse action was motivated at least in part by the exercise of the protected activity. *Wolk v. City of Brooklyn Center*, 107 F.4th 854, 859-60 (8th Cir. 2024).

Plaintiff spoke with Sgt. Stover on December 30, 2025. (Filing No. 5 at 5). Plaintiff does not allege any contact with LPD between December 30, 2025, and March 17, 2026. (Filing No. 5-6). The subsequent speeding warning he received over two months later on March 17, 2026, fails to establish that City Defendants retaliated against his speech. (Filing No. 5 6). Nor has

Plaintiff plausibly alleged that these circumstances would chill a person of ordinary firmness from exercising their First Amendment rights, particularly given that Plaintiff himself felt comfortable emailing Sgt. Stover with further concerns on March 22, 2026 (Filing No. 7 at 6).

**c. The Complaint Does Not Satisfy *Monell* For Liaibility Against City.**

In addition to failing to state any recognized constitutional violation generally, the Complaint also does not meet the criteria for § 1983 municipal liability against City under *Monell*. Plaintiff has failed to plead factual content that plausibly demonstrates the existence of a policy or custom by City that is responsible for his alleged constitutional violations. *See Corwin*, 829 F.3d at 699.

The allegations in the Complaint are insufficient to establish a municipal policy, as Plaintiff does not state facts indicating a City ordinance, regulation, or similar statement of policy caused his constitutional violation. *See Johnson v. Douglas Cnty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013) (*quoting Monell*, 436 U.S. at 690–91).

Plaintiff has also alleged insufficient facts to show an unofficial custom by City of "surveilling," him. In order to show an unofficial custom, Plaintiff must start by alleging the existence of a continuing, widespread, and persistent pattern of alleged unconstitutional conduct. *Troupe*, 143 F.4 at 973. Here, the factual allegations fail to demonstrate that the City or its employees engaged in any conduct beyond standard law enforcement patrol. Plaintiff alleges only that between June 2025 and October 2026, law enforcement, including LPD officers, were near or in his vicinity and only initiated contact with him once when he was given a warning for speeding. (Filing No. 5 at 6). Plaintiff's assumption that City or its employees are engaged in "surveillance" is purely speculative and fails to satisfy the pleading standards of *Ashcroft*.

Next, Plaintiff has also failed to name any policymaker from the City, let alone plead facts that show a policymaker was indifferent to or authorized unconstitutional conduct by LPD officers. Lastly, Plaintiff fails to allege facts showing that any actions by City or its employees were the cause of any alleged constitutional violations.

**d. Plaintiff Fails to State a Plausible Claim Against Sgt. Stover.**

Plaintiff fails to state a plausible claim against Sgt. Stover in his individual capacity. Individuals can only be liable for their own alleged misconduct under § 1983. "[A] plaintiff must plead and allege facts demonstrating that each individual officer, through his own personal involvement in the alleged unconstitutional conduct, violated the plaintiff's civil rights." *Luong*, 669 F. Supp. at 746. Plaintiff alleges he spoke with Sgt. Stover on December 30, 2025, regarding his concerns that law enforcement was following him. (Filing No. 5 at 5-6). Plaintiff does not allege that Sgt. Stover took any harmful or retaliatory action against Plaintiff. In fact, Plaintiff alleges no further instances of law enforcement contact until March 17, 2026. *Id.* It appears Plaintiff's only further interaction with Sgt. Stover was via email on March 22, 2026. (Filing No. 7 at 6). Plaintiff has failed to state a claim against Sgt. Stover in his individual capacity because the Complaint contains no allegations demonstrating that Sgt. Stover directly participated in, ordered, or otherwise committed any wrongful conduct.

**IV. CONCLUSION.**

Plaintiff has failed to effectuate proper service against City per Fed. R. Civ. P. (4)(j)(2) and City requests the Court enter an Order dismissing this action pursuant to Fed. R. Civ. P. 12(b)(4) and (5). Plaintiff has failed to state plausible § 1983 claims against both City Defendants pursuant to Fed. R. Civ. P. 12(b)(6). City Defendants respectfully request that the

Court enter an Order dismissing this action pursuant to Fed. R. Civ. P. 12(b)(6) in its entirety with prejudice.

DATED this 10th day of November, 2026.

CITY OF LINCOLN AND SGT. ALEX STOVER, CITY DEFENDANTS

YOHANCE L. CHRISTIE, #24271
CITY ATTORNEY

By: */s/ Sarah J. Rada*
SARAH J. RADA, #25545
ASSISTANT CITY ATTORNEY
555 South 10th Street, Suite 300
Lincoln, NE 68508
Telephone: 402-441-7281
E-mail: srada@lincoln.ne.gov
COUNSEL FOR CITY DEFENDANTS

**CERTIFICATE OF COMPLIANCE**

In accordance with NECivR 7.1(d)(1)(D) and 7.1(d)(2), I hereby certify that this brief contains 3,443 words, which includes all text, including the caption, headings, footnotes, and quotations as determined by the word count function of Microsoft Word for Microsoft Office 365. I further certify that no generative artificial intelligence program was used in the preparation of this brief.

By: */s/ Sarah J. Rada*
SARAH J. RADA, #25545

## CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system and a copy of such filing has been sent via regular U.S. mail and electronic mail to:

Richard B. Bayson
4300 N. 7th Street, #306
Lincoln, NE 68521
richard.bayson@yahoo.com

Morgan R. Sanchez
Lancaster County Attorney's Office
605 S. 10th Street
Lincoln, NE 68508
msanchez@lancaster.ne.gov

Colonel Bryan D. Waugh
Superintendent, Nebraska State Patrol
4600 Innovation Drive
Lincoln, NE 68521

By: */s/ Sarah J. Rada*
SARAH J. RADA, #25545