FILED
U. S. DISTRICT COURT
DISTRICT OF NEBRASKA
2026 NOV 16 AM 10: 38

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF THE NEBRASKA

RICHARD B BAYSON, PLAINTIFF
V
CITY OF LINCOLN, OFFICIAL CAPACITY c/o CITY ATTORNEY

INTERNAL AFFAIRS SERGEANT STOVER, PERSONAL CAPACITY, LINCOLN POLICE

LANCASTER COUNTY SHERIFF, c/o LANCASTER COUNTY ATTORNEY'S OFFICE

DEFENDANTS

11/13/2026

4:26cv3344

AMENDED COMPLAINT

# AMENDED COMPLAINT

## FOR VIOLATIONS OF 42 U.S.C. § 1983

Plaintiff Richard B. Bayson, appearing pro se, files this Amended Complaint pursuant to the Court's order granting Plaintiff leave to amend and alleges as follows:

## I. JURISDICTION AND VENUE

1. This action arises under **42 U.S.C. § 1983** and the First, Fourth, and Fourteenth Amendments to the United States Constitution.
2. This Court has federal-question jurisdiction pursuant to 28 U.S.C. § 1331.
3. The events giving rise to Plaintiff's claims occurred primarily in Lincoln and Lancaster County, Nebraska.
4. Venue is therefore proper in the United States District Court for the District of Nebraska.

## II. PARTIES

1. Plaintiff **Richard B. Bayson** resides in Lincoln, Nebraska.
2. Defendant **City of Lincoln** is sued in the official capacity identified herein for conduct Plaintiff alleges is attributable to the municipal government and its law-enforcement operations.
3. Defendant **Internal Affairs Sergeant Stover** is sued in his personal capacity for conduct Plaintiff specifically attributes to Sergeant Stover.
4. Defendant **Lancaster County Sheriff** is named as reflected in the Court-authorized amended pleading.

Defendant Lancaster County Sheriff, c/o Lancaster County Attorney's Office is a defendant in this action plaintiff asserts claims based only on conduct allege to be attributable to the Lancaster County sheriff or responsible sheriff's Office personnel

## III. FACTUAL BACKGROUND

1. Beginning in approximately June 2025, Plaintiff began documenting recurring law-enforcement encounters throughout Lincoln, Nebraska.
2. Plaintiff recorded the dates, approximate times, locations, agency identification where known, and observable movements associated with numerous encounters.
3. Plaintiff states that numerous incidents are supported by contemporaneous photographs or video recordings.
4. Plaintiff alleges repeated Lincoln Police Department encounters at locations Plaintiff frequently visited, including the Loren Corey Eiseley Branch Library area, Bethany Park, public roadways, traffic-circle areas, businesses, and locations near Plaintiff's residence.
5. Plaintiff does not allege that the mere presence of a patrol vehicle in public, standing alone, constitutes a constitutional violation.
6. Plaintiff instead alleges a recurring factual sequence that included repeated encounters, specific vehicle movements, an Internal Affairs complaint, subsequent alleged escalation, a traffic stop, and the October 4, 2026 show-of-authority incident.

### Internal Affairs Complaint

1. On **December 30, 2025**, Plaintiff personally met with Internal Affairs Sergeant Stover concerning recurring police activity Plaintiff had been documenting.
2. Plaintiff informed Sergeant Stover that Plaintiff possessed photographs and videos of particular incidents.
3. Plaintiff described encounters involving police vehicles allegedly traveling repeatedly near Plaintiff, behind Plaintiff, alongside Plaintiff, and at locations Plaintiff frequented.

4. Plaintiff also reported a residential-area incident near the Loren Corey Eiseley Branch Library in which Plaintiff observed an officer positioned near or behind a residence while Plaintiff remained parked.
5. Plaintiff alleges that when Plaintiff began leaving, the officer emerged from that area and moved toward the patrol vehicle.
6. Plaintiff states that the incident is documented on video.
7. Plaintiff further reported a separate incident at Plaintiff's residence involving officers who were later described to Plaintiff as conducting a wellness check.
8. Plaintiff alleges that the complained-of encounters continued after Plaintiff's Internal Affairs complaint.

## March 17, 2026 Traffic Stop

1. On **March 17, 2026**, Plaintiff alleges that Lincoln Police Department officers stopped Plaintiff's vehicle.
2. Officers requested Plaintiff's driver's license, vehicle registration, and insurance.
3. Plaintiff alleges that Plaintiff was not speeding when the stop was initiated.
4. The officers issued Plaintiff a warning.
5. Plaintiff retained the warning as documentary evidence.
6. Plaintiff's nephew was present and witnessed the encounter.
7. Plaintiff disputes any characterization that Plaintiff alleged or conceded that radar supplied probable cause for the stop.

## March 22 Internal Affairs Follow-Up

1. On **March 22, 2026**, Plaintiff communicated with Sergeant Stover in writing concerning Plaintiff's December 30 Internal Affairs complaint and Plaintiff's allegation that the complained-of police activity continued.
2. Plaintiff alleges that this communication documented Plaintiff's continued attempt to obtain governmental review of the conduct Plaintiff had reported.

## October 4, 2026 Incident

1. On **October 4, 2026**, Plaintiff was driving lawfully northbound on North 27th Street in Lincoln.
2. Plaintiff alleges that a Lincoln Police Department patrol vehicle suddenly entered from an unknown side street to Plaintiff's right.
3. Plaintiff alleges that the officer activated emergency lights and siren and moved the police vehicle toward Plaintiff's lane space.
4. Plaintiff alleges that Plaintiff **braked abruptly and restricted Plaintiff's movement in response.**
5. The officer did not thereafter issue Plaintiff a citation or warning or complete a conventional traffic stop.

### Additional Recorded Encounter

1. Plaintiff further alleges that Plaintiff possesses video recording of an encounter occurring at a McDonald's location in which a Lincoln Police Department vehicle moved directly in front of Plaintiff's vehicle as Plaintiff was preparing to leave.
2. Plaintiff alleges that the police vehicle's position impeded Plaintiff's immediate path of travel.
3. Plaintiff relies upon that video for what it objectively depicts, including the relative positions and movements of the vehicles.

## IV. COUNT I

# FIRST AMENDMENT RETALIATION

### 42 U.S.C. § 1983

1. Plaintiff realleges Paragraphs 1 through 40.
2. Plaintiff engaged in protected First Amendment activity by reporting alleged police misconduct through the Lincoln Police Department's Internal Affairs process and petitioning government for redress.
3. Plaintiff alleges that after his protected activity, the complained-of law-enforcement encounters continued and increased in frequency and character.
4. Plaintiff alleges subsequent adverse governmental conduct, including particular roadway encounters and the March 17 traffic stop.
5. Plaintiff alleges that the subsequent governmental conduct, considered under the circumstances pleaded, would deter a person of ordinary firmness from exercising protected First Amendment rights.
6. Plaintiff alleges that his protected Internal Affairs activity was a motivating factor in the subsequent adverse conduct.
7. Plaintiff relies upon the alleged continuation and escalation following the Internal Affairs complaint, the timing and sequence of particular encounters, the subsequent traffic stop, Plaintiff's follow-up communication, and Plaintiff's photographic and video documentation as circumstantial support for retaliatory causation.
8. Plaintiff does not rely upon timing alone as conclusive proof of retaliatory motive.
9. First Amendment retaliation generally requires protected expression, adverse governmental action, and a causal relationship between the two. [congress.gov]
10. Plaintiff alleges that the responsible governmental actors deprived Plaintiff of rights secured by the First Amendment while acting under color of state law.

## V. COUNT II

# FOURTEENTH AMENDMENT EQUAL PROTECTION

### Arbitrary and Selective Enforcement

### 42 U.S.C. § 1983

1. Plaintiff realleges Paragraphs 1 through 50.
2. Plaintiff alleges that governmental enforcement authority was exercised against Plaintiff selectively and without a legitimate governmental justification applicable to Plaintiff.
3. Plaintiff alleges that he was not engaged in criminal conduct during the encounters identified herein and was not aware of being the subject of a criminal investigation.
4. Plaintiff alleges repeated law-enforcement attention directed toward Plaintiff over an extended period.
5. Plaintiff alleges that he reported the recurring activity through Internal Affairs and that the conduct nevertheless continued.
6. Plaintiff alleges that the selective law-enforcement treatment was intentional and arbitrary.
7. Plaintiff alleges that similarly situated members of the public who were not subjected to Plaintiff's circumstances were not subjected to the same alleged pattern of enforcement activity.
8. Plaintiff therefore alleges deprivation of Equal Protection rights under the Fourteenth Amendment and 42 U.S.C. § 1983.

## VI. COUNT III

# FOURTH AMENDMENT

### Unreasonable Search and Seizure

### 42 U.S.C. § 1983

1. Plaintiff realleges Paragraphs 1 through 58.

2. Plaintiff alleges that the recurring documented police encounters provide factual context surrounding the specific Fourth Amendment events pleaded below.
3. Plaintiff does not allege that every visual observation or patrol-vehicle encounter in public independently constitutes a Fourth Amendment search or seizure.

### March 17 Traffic Stop

1. Plaintiff alleges that the March 17, 2026 traffic stop constituted a governmental seizure.
2. Plaintiff alleges that Plaintiff was not speeding when the stop was initiated.
3. Plaintiff disputes Defendants' assertion that Plaintiff conceded radar established the justification for the stop.
4. Plaintiff alleges that the traffic stop lacked reasonable suspicion, probable cause, or another constitutionally sufficient justification.

### October 4 Show of Authority

1. Plaintiff alleges that the October 4 activation of emergency lights and siren, together with movement of the patrol vehicle toward Plaintiff's lane, constituted a governmental show of authority directed toward Plaintiff.
2. Plaintiff alleges that Plaintiff **submitted to the asserted authority by immediately braking and restricting his movement.**
3. Plaintiff alleges that the officer lacked reasonable suspicion or another constitutionally sufficient basis directed toward Plaintiff.
4. Plaintiff therefore alleges an unreasonable seizure in violation of the Fourth Amendment.

## VII. VIDEO AND DOCUMENTARY EVIDENCE

1. Plaintiff possesses numerous photographs and video recordings corresponding to particular encounters alleged in this Amended Complaint.
2. Plaintiff relies upon those recordings only for what they objectively depict, including police-vehicle presence, location, positioning, movement, and sequence.
3. Plaintiff does not allege that the existence of a video alone proves an officer's subjective motive.
4. Plaintiff also possesses the March 17 warning and written communication concerning Plaintiff's Internal Affairs activity.

## VIII. REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff Richard B. Bayson respectfully requests that the Court:

A. Permit Plaintiff's adequately pleaded constitutional claims under 42 U.S.C. § 1983 to proceed;

B. Award compensatory damages to the extent permitted by law and established by evidence;

C. Grant appropriate declaratory or equitable relief to the extent authorized by law;

D. Award allowable costs; and

E. Grant such other and further relief as the Court determines just and appropriate.

**Respectfully submitted,**

**Richard B. Bayson**
4300 North 7th Street, Apartment 306
Lincoln, Nebraska 68521
Telephone: 1-347-806-4762
Email: richard.bayson@yahoo.com
**Plaintiff, Pro Se**

Signature: ____________________

Date: 11/13/2026

## CERTIFICATE OF SERVICE

I, **Richard B. Bayson**, Plaintiff, Pro Se, hereby certify that on November 13, 2026, 2026, I served a true and correct copy of the foregoing **Amended Complaint for Violations of 42 U.S.C. § 1983** by United States Mail, postage prepaid, upon counsel for Defendants at the following addresses:

**Sarah J. Rada**
Counsel for Defendants City of Lincoln and
Internal Affairs Sergeant Stover
555 South 10th Street, Suite 300
Lincoln, Nebraska 68508

Morgan R. Sanchez
Deputy County Attorney
Lancaster County Attorney's Office
605 South 10th Street
Lincoln, Nebraska 68508
Counsel for the Lancaster County Defendant

**Respectfully submitted,**

**Richard B. Bayson**
4300 North 7th Street, Apartment 306
Lincoln, Nebraska 68521
Telephone: 1-347-806-4762
Email: richard.bayson@yahoo.com
**Plaintiff, Pro Se**

Signature: ______________________

Date: November 13, 2026

ORIGIN ID:LNKA (347) 806-4762
RICHARD BAYSON

4300 NORTH 7TH STREET
APT 306
LINCOLN, NE 68521
UNITED STATES US

SHIP DATE: 14NOV26
ACTWGT: 0.20 LB
CAD: 6573998/ROSA2710

Part # 156297-435 RRDB2 EXP 09/27

TO CLERK OF THE COURT
US DISTRICT COURT DISTRICT OF NE
ROBERT V. DENNEY FEDERAL COURTHOUSE
100 CENTENNIAL MALL N
LINCOLN NE 68508

(555) 555 – 5555 REF:
INV:
PO: DEPT:

FedEx
Express

E

REL#
3785346

TUE – 17 NOV 5:00P
** 2DAY **

TRK# 0201 8800 0550 7558

77 LNKA

68508
NE – US OMA

4685
US DISTRICT COURT
MON 11/16 07:28
100 CENTENNIAL MALL N
ROBERT V. DENNEY FEDERAL
LINCOLN NE

306-8023

ETP: 1
SP:PD:100:V