FILED
U. S. DISTRICT COURT
DISTRICT OF NEBRASKA
2026 NOV 16 PM 3: 16

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEBRASKA

RICHARD B BAYSON, PLAINTIFF

V

CITY OF LINCOLN, et al

DEFENDANTS

CASE NO. 4:26cv3344

11/11/2026

PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS CITY OF LINCOLN AND SERGEANT STOVER'S MOTION TO DISMISS

RECEIVED
NOV 16 2026
CLERK
U.S. DISTRICT COURT

## INTRODUCTION

Plaintiff Richard B. Bayson respectfully submits this Brief in Opposition to Defendants City of Lincoln and Sergeant Alex Stover's Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(4), 12(b)(5), and 12(b)(6).

Defendants' Motion repeatedly isolates individual incidents from Plaintiff's chronology and then argues that each incident, standing alone, amounts to nothing more than ordinary police presence. That presentation does not fairly address Plaintiff's allegations as a whole.

Plaintiff alleges a recurring series of law-enforcement encounters extending over many months; repeated Lincoln Police Department activity at locations Plaintiff frequented; photographic and video documentation of numerous incidents; a face-to-face Internal Affairs complaint to Sergeant Stover; a subsequent written follow-up concerning the alleged continuation of the complained-of conduct; an actual March 17, 2026 Lincoln Police Department traffic stop; and the October 4, 2026 emergency-lights-and-siren incident.

Plaintiff's constitutional claims are:

1. **First Amendment retaliation under 42 U.S.C. § 1983;**
2. **Fourteenth Amendment Equal Protection based upon alleged arbitrary and selective enforcement under § 1983; and**
3. **Fourth Amendment unreasonable seizure by show of authority arising from the October 4, 2026 incident under § 1983.**

Defendants should be required to address the claims and factual allegations Plaintiff actually pleaded, rather than a narrowed version constructed for dismissal.

## I. DEFENDANTS' SERVICE ARGUMENT DOES NOT WARRANT TERMINATION OF PLAINTIFF'S FEDERAL CLAIMS

The City argues that service was insufficient because the Lancaster County Sheriff's Office delivered the summons and Complaint to an Assistant City Attorney rather than to the municipal recipient Defendants contend was authorized under Rule 4(j)(2).

Plaintiff disputes dismissal.

Plaintiff did not disregard service. Plaintiff caused process to be executed through the Lancaster County Sheriff's Office and possesses documentation reflecting that service attempt.

Federal Rule of Civil Procedure 4 expressly provides mechanisms governing amendment of summonses, service, and proof of service.

Plaintiff therefore does not concede Defendants' characterization that the service accomplished requires dismissal.

**Without conceding any insufficiency of process or service**, if the Court determines that additional municipal service is legally required, Plaintiff respectfully requests a reasonable opportunity to perfect service upon the appropriate City official rather than dismissal of Plaintiff's constitutional claims.

The alleged service issue is procedural. It should not be transformed into an adjudication that Plaintiff's First, Fourth, and Fourteenth Amendment allegations lack merit.

## II. DEFENDANTS IMPROPERLY REDUCE A RECURRING CHRONOLOGY TO ISOLATED POLICE DRIVE-BYS

Defendants repeatedly identify individual incidents where Lincoln Police Department vehicles passed Plaintiff and argue that police presence in public does not constitute unconstitutional surveillance.

Plaintiff does not contend otherwise.

Plaintiff's theory does not depend upon establishing that one police vehicle passing behind a library independently violated the Constitution.

Plaintiff alleges **numerous encounters occurring over an extended period.**

At the library alone, Plaintiff alleges multiple separate Lincoln Police Department encounters rather than the single encounter emphasized by Defendants. Plaintiff further alleges an incident in which an officer was positioned near or behind a residential structure while Plaintiff remained parked nearby. Plaintiff alleges that when

Plaintiff began leaving, the officer emerged from that location and moved toward the patrol vehicle.

Plaintiff states that this incident was documented.

Plaintiff further alleges repeated police-vehicle encounters at other locations throughout Lincoln, including police vehicles traveling behind, alongside, near, or in front of Plaintiff's vehicle.

Defendants remain free to dispute what those events ultimately establish. But they should not obtain dismissal by selecting the least intrusive event from a much broader chronology and presenting it as Plaintiff's entire case.

## III. DEFENDANTS CANNOT CONVERT AN UNCONFIRMED GPS THEORY INTO THE FOUNDATION OF PLAINTIFF'S CLAIM

Defendants emphasize that Plaintiff cannot presently confirm whether law enforcement used GPS information.

That argument attacks a theory Plaintiff need not establish to rely upon the conduct Plaintiff personally observed and documented.

Plaintiff does not presently represent unconfirmed electronic tracking as established fact.

The observable encounters, Internal Affairs communications, traffic stop, recorded incidents, and October 4 event stand independently from any unresolved question concerning electronic tracking.

Accordingly, Defendants' attack upon what Plaintiff presently cannot confirm about GPS does not eliminate Plaintiff's allegations concerning what Plaintiff says he personally observed.

## IV. DEFENDANTS' RADAR CHARACTERIZATION SHOULD NOT BE TREATED AS AN UNDISPUTED FACT

Defendants assert that Plaintiff's March 17, 2026 warning demonstrates that Lincoln Police Department officers used radar to establish probable cause that Plaintiff was speeding.

Plaintiff disputes that characterization.

Plaintiff did **not allege that radar was used**, did not allege that an electronic speed measurement established Plaintiff's speed, and did not concede that officers possessed probable cause when they initiated the stop.

Plaintiff alleges that Lincoln Police Department officers stopped Plaintiff, requested Plaintiff's driver's license, registration, and insurance, and ultimately issued a warning. Plaintiff disputes that Plaintiff was speeding when the stop occurred.

Defendants should not be permitted at the pleading stage to convert their interpretation of the warning into a factual admission Plaintiff never made.

The Court should evaluate the March 17 encounter according to Plaintiff's actual allegations and the actual contents of the document rather than Defendants' litigation characterization.

## V. PLAINTIFF ALLEGES A FOURTH AMENDMENT SHOW-OF-AUTHORITY CLAIM ARISING FROM OCTOBER 4, 2026

Defendants also mischaracterize the October 4 incident.

Plaintiff alleges that while driving northbound, a Lincoln Police Department patrol vehicle suddenly entered from a side street to Plaintiff's right and activated its emergency lights and siren.

Plaintiff alleges that the maneuver caused Plaintiff to **brake abruptly in response.**

Plaintiff does not allege that the officer subsequently approached Plaintiff's vehicle, issued a citation, or completed a conventional traffic stop.

Plaintiff's theory concerns whether the alleged activation of emergency equipment, accompanying vehicle movement, and Plaintiff's immediate responsive braking constituted a governmental show of authority to which Plaintiff submitted.

That is materially different from Defendants' repeated examples involving a patrol vehicle merely traveling through a public area.

Defendants therefore cannot dispose of Claim III merely by treating October 4 as another ordinary police drive-by.

## VI. PLAINTIFF ALLEGES PROTECTED FIRST AMENDMENT ACTIVITY AND SUBSEQUENT ADVERSE GOVERNMENTAL CONDUCT

Plaintiff alleges protected First Amendment petitioning activity when Plaintiff reported the alleged recurring police activity through the Lincoln Police Department's Internal Affairs process.

Plaintiff personally met with Sergeant Stover on December 30, 2025.

Plaintiff alleges that he explained the recurring police activity he had documented, informed Stover that Plaintiff possessed photographic and video documentation, and described particular incidents.

Plaintiff further alleges that the complained-of activity did not cease.

Plaintiff subsequently communicated with Stover in writing concerning Plaintiff's allegation that the police activity was continuing.

Defendants emphasize that Plaintiff continued to exercise his First Amendment rights by later emailing Stover.

That fact does not automatically defeat Plaintiff's retaliation theory.

Defendants themselves identify the relevant standard as whether the governmental action **would deter a person of ordinary firmness**, an objective inquiry. Plaintiff's decision to persist in petitioning the government does not necessarily establish that the alleged governmental conduct could not objectively qualify as adverse.

Defendants also emphasize the passage of time before the March 17 stop.

Plaintiff does not rely upon timing alone as conclusive proof of retaliation. Plaintiff relies upon the alleged chronology and surrounding circumstances.

Likewise, timing alone should not be treated as conclusive proof for Defendants that retaliation was impossible.

## VII. DEFENDANTS IMPROPERLY CHARACTERIZE PLAINTIFF AS ALLEGING NOTHING AGAINST SERGEANT STOVER PERSONALLY

Defendants argue that Plaintiff alleges no wrongful conduct involving Sergeant Stover.

That characterization ignores Plaintiff's actual allegations.

Plaintiff did not select Stover merely because Stover held a supervisory title. Plaintiff alleges that **Stover was the Internal Affairs official with whom Plaintiff personally communicated concerning the complained-of Lincoln Police Department activity.**

Plaintiff alleges that he met with Stover face-to-face and specifically described police activity Plaintiff believed had occurred repeatedly over months.

Plaintiff alleges that he informed Stover that Plaintiff possessed photographs and video documentation.

Those materials allegedly included specific events such as the library-area incident involving an officer positioned near or behind a residential structure and the incident at Plaintiff's residence later described by Stover as involving a wellness check.

Plaintiff then communicated with Stover again concerning the alleged continuation of the activity.

Plaintiff does not contend that Stover personally drove the patrol vehicles or conducted the March 17 traffic stop.

But Defendants cannot convert Stover's physical absence from particular encounters into an assertion that Plaintiff alleged **no factual connection whatsoever** to Stover.

The appropriate question is what constitutional responsibility, if any, arises from Stover's own alleged conduct. Defendants should address that question rather than erase Plaintiff's Internal Affairs allegations.

## VIII. DEFENDANTS' MONELL ARGUMENT CANNOT ERASE THE UNDERLYING CONSTITUTIONAL CLAIMS

Defendants argue that Plaintiff has not sufficiently alleged a municipal policy, custom, policymaker action, or institutional failure attributable to the City.

Plaintiff does not rely merely upon respondeat superior.

Under *Monell*, a municipality may be liable under § 1983 when a constitutional deprivation is caused by municipal policy or custom, but municipal liability does not arise automatically merely because the City employed the alleged wrongdoer.

Defendants nevertheless improperly collapse three distinct questions:

1. whether a constitutional violation occurred;
2. whether Sergeant Stover bears individual responsibility; and
3. whether a qualifying constitutional deprivation is attributable to the City itself.

A municipal-attribution dispute does not automatically establish that the underlying constitutional allegations fail.

Plaintiff further alleges that the activity complained of was reported directly through the City's Internal Affairs mechanism and that Plaintiff subsequently reported its alleged continuation.

Plaintiff does not ask the Court to invent a municipal policy from those allegations. Plaintiff asks the Court to evaluate the City-related allegations actually pleaded rather than simply characterize all alleged police activity as routine patrol.

## IX. DEFENDANTS ATTACK THE WRONG FOURTEENTH AMENDMENT THEORY

Defendants analyze Plaintiff's Fourteenth Amendment claim as though Plaintiff asserts only generalized substantive-due-process "harassment."

Plaintiff's claim is **Equal Protection based upon alleged arbitrary and selective enforcement**.

Selective enforcement concerns unequal governmental enforcement.

The Eighth Circuit has treated whether similarly situated persons received different treatment as relevant to selective-enforcement analysis.

Accordingly, Defendants should address the constitutional theory Plaintiff actually asserts rather than obtain dismissal by substituting a different Fourteenth Amendment theory.

Plaintiff alleges selective governmental treatment and maintains that the circumstances surrounding the actual enforcement actions, including the March 17 traffic stop and the broader alleged chronology, must be evaluated according to the Equal Protection theory pleaded.

## X. DEFENDANTS' RULE 12(b)(6) ARGUMENT IMPROPERLY SUBSTITUTES THEIR FACTUAL VERSION FOR PLAINTIFF'S ALLEGATIONS

Defendants repeatedly present disputed propositions as though they were established facts:

- that radar established probable cause;
- that every documented police encounter represented ordinary patrol;
- that Plaintiff's continued complaints demonstrate no adverse First Amendment action;
- that Stover has no factual connection to Plaintiff's allegations; and
- that Plaintiff's October 4 incident involved no meaningful show of authority directed toward Plaintiff.

Plaintiff disputes those characterizations.

At the pleading stage, Defendants should not obtain dismissal by replacing Plaintiff's allegations with Defendants' preferred explanation of disputed events.

Plaintiff has alleged specific events, dates, locations, governmental actors, communications, an actual traffic stop, Internal Affairs activity, and the existence of photographic and video documentation.

Whether Plaintiff ultimately proves those allegations is distinct from whether Defendants may rewrite them in seeking dismissal.

## CONCLUSION

**WHEREFORE**, Plaintiff Richard B. Bayson respectfully requests that the Court **deny Defendants City of Lincoln and Sergeant Alex Stover's Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(4), 12(b)(5), and 12(b)(6).**

Plaintiff does not ask the Court to presume that every police vehicle observed in public committed a constitutional violation. Plaintiff instead asks the Court to evaluate the complete factual allegations and the constitutional claims actually asserted:

**First Amendment retaliation under 42 U.S.C. § 1983;**

**Fourteenth Amendment Equal Protection based upon alleged arbitrary and selective enforcement under 42 U.S.C. § 1983; and**

**Fourth Amendment unreasonable seizure by show of authority arising from the October 4, 2026 incident under 42 U.S.C. § 1983.**

Plaintiff further disputes Defendants' service argument.

**Without conceding any insufficiency of process or service**, if the Court determines that additional municipal service is required, Plaintiff respectfully requests a reasonable opportunity to perfect service rather than dismissal of Plaintiff's federal constitutional claims.

For these reasons, Plaintiff respectfully requests that Defendants' Motion be denied and that the Court grant such other relief as the Court determines just and appropriate.

Respectfully Submitted

______________________________

Richard B Bayson
4300 North 7th Street apartment 306
Lincoln Nebraska 68521
1-347-806-4762
richard.bayson@yahoo.com
Pro Se Plaintiff

## CERTIFICATE OF SERVICE

I, **Richard B. Bayson**, Plaintiff, Pro Se, hereby certify that on **November 11, 2026**, I served a true and correct copy of the foregoing **Plaintiff's Brief in Opposition to Defendants City of Lincoln and Sergeant Alex Stover's Motion to Dismiss** by United States Mail, postage prepaid, upon counsel for Defendants at the following address:

**Sarah J. Rada**
555 South 10th Street, Suite 300
Lincoln, Nebraska 68508
Counsel for Defendants City of Lincoln and Sergeant Alex Stover

**Respectfully submitted,**

**Richard B. Bayson**
4300 North 7th Street, Apartment 306
Lincoln, Nebraska 68521
Telephone: 1-347-806-4762
Email: richard.bayson@yahoo.com
**Plaintiff, Pro Se**

Signature: ______________________

Date: **November 11, 2026**

CPU

U.S. POSTAGE IMI
$0.20
PKGU RDC 01
Orig: 68505
Dest: 68508
11/11/26
2000051198
S2324N506490
8W
02




FROM:

RICHARD B BAYSON
4300 NORTH 7th STREET
APT 306
LINCOLN, NEBRASKA
68521

TO:

CLERK OF THE COURT
US DISTRICT COURT FOR THE DISTRICT OF
NEBRASKA
ROBERT V DENNEY FEDERAL COURTHOUSE
100 CENTENNIAL MALL NORTH
LINCOLN, NEBRASKA
68508

USPS TRACKING® #

9500 1265 4251 6315 6002 63

Expandable Photo Document Mailer
9 3/4" x 12 1/4"

ReadyPost.