FILED
U. S. DISTRICT COURT
DISTRICT OF NEBRASKA

2026 NOV 23 AM 8: 57

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEBRASKA

RICHARD B BAYSON, PLAINTIFF
V
CITY OF LINCOLN, OFFICIAL CAPACITY c/o CITY ATTORNEY

INTERNAL AFFAIRS SERGEANT STOVER -PERSONAL CAPACITY, LINCOLN POLICE

LANCASTER COUNTY SHERIFF c/o LANCASTER COUNTY ATTORNEY'S OFFICE

DEFENDANTS

11/16/2026

CASE NUMBER: 4:26cv3344

PLAINTIFF'S BRIEF AND SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

# PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Plaintiff Richard B. Bayson, proceeding pro se, respectfully submits this Brief in Support of his Motion for Temporary Restraining Order and Preliminary Injunction pursuant to Federal Rule of Civil Procedure 65.

## I. INTRODUCTION

Plaintiff seeks narrowly tailored temporary relief concerning conduct challenged in his Amended Complaint that Plaintiff contends is continuing while this action remains pending.

Plaintiff's request does not rest exclusively upon historical allegations. Plaintiff has preserved earlier video recordings and documentation concerning incidents that Plaintiff contends are relevant to an ongoing pattern.

Most recently, on **November 16, 2026**, Plaintiff personally documented multiple encounters involving marked Lincoln Police Department vehicles at different locations in Lincoln, Nebraska during a concentrated period of time.

Plaintiff possesses video recordings of portions of these events and GPS/location information corresponding with his movements.

Plaintiff respectfully requests that the Court evaluate the November 16 evidence in conjunction with Plaintiff's earlier documented incidents and determine whether temporary prospective relief is warranted while the litigation proceeds.

Plaintiff does not request that this Court interfere with legitimate law-enforcement duties. Plaintiff requests narrowly tailored relief against unconstitutional warrantless or suspicionless surveillance, monitoring, or tracking.

## II. FACTUAL BACKGROUND

Plaintiff has filed an Amended Complaint alleging violations of his federal constitutional rights under 42 U.S.C. § 1983 arising from the conduct challenged in this action.

Plaintiff maintains that the challenged conduct did not end with the filing of this lawsuit.

Plaintiff possesses earlier recordings and documentation concerning incidents that predate November 16, 2026.

Plaintiff also states that he previously showed Sergeant Alex Stover video concerning what Plaintiff believed to constitute police following or surveillance. Plaintiff contends that the complained-of conduct nevertheless continued.

### A. November 16, 2026 observations

On November 16, 2026, Plaintiff documented a sequence of additional observations involving vehicles Plaintiff identified as Lincoln Police Department vehicles.

At approximately **10:25 a.m.**, Plaintiff observed a Lincoln Police Department vehicle in the area of **O Street and Fairfield Street.**

At approximately **10:26 a.m.**, Plaintiff observed a Lincoln Police Department vehicle in the area of **O Street and Cornhusker Highway**.

At approximately **10:44 a.m.**, Plaintiff observed a marked Lincoln Police Department vehicle in the area of **O Street and Holdrege Street.**

Plaintiff additionally observed a marked Lincoln Police Department vehicle in the area of **R Street and North 48th Street.**

At approximately **10:52 a.m.**, Plaintiff observed Lincoln Police Department vehicles in the area of **North 48th Street and O Street**, including an observation in the area in front of Staples.

### B. 11:08 a.m. video

At approximately **11:08 a.m. on November 16, 2026**, Plaintiff was in the area of **O Street and Center Street in Lincoln, Nebraska.**

Plaintiff states that as he pulled away from that location, he observed **three vehicles that he identified as Lincoln Police Department vehicles behind him.**

Plaintiff recorded the encounter on video and represents that the recording reflects the date and approximate time and depicts the three police vehicles behind Plaintiff's vehicle after Plaintiff pulled away.

Plaintiff has preserved the original recording.

Plaintiff does not rely upon the mere presence of a police vehicle standing alone. Rather, Plaintiff asks the Court to evaluate the **chronological and geographic sequence of the November 16 observations**, together with Plaintiff's earlier documented incidents.

## III. LEGAL STANDARD

Temporary restraining orders and preliminary injunctions are governed by Federal Rule of Civil Procedure 65.

When a TRO is requested without notice, Rule 65(b) expressly requires specific facts presented through an affidavit or verified complaint clearly showing immediate and irreparable injury before the adverse party can be heard.

Here, Plaintiff has stated that he intends to provide his TRO materials to counsel for Defendants.

The Eighth Circuit considers preliminary injunctive relief under factors addressing the merits, irreparable harm, competing harms, and the public interest. The Eighth Circuit also treats the absence of irreparable harm as grounds for denying preliminary injunctive relief.

Plaintiff therefore submits his recent evidence not merely to establish that police vehicles were present, but to support his contention that the challenged conduct remains ongoing.

## IV. ARGUMENT

### A. Plaintiff contends that the challenged conduct is continuing.

The evidence submitted by Plaintiff concerns both historical incidents and additional events that Plaintiff documented on November 16, 2026.

The temporal proximity between the November 16 observations and this request for emergency relief distinguishes Plaintiff's asserted injury from one based entirely upon completed historical events.

Plaintiff respectfully submits that the Court should examine the complete sequence reflected in Plaintiff's declaration, video evidence, GPS/location information, and other authenticated exhibits.

### B. Plaintiff alleges immediate and irreparable injury.

Plaintiff states that he presently fears for his safety when leaving his home and is concerned that a future encounter could escalate into a stop or detention.

Plaintiff further contends that the challenged conduct interferes with his ability to travel freely in Lincoln without fear of being followed, watched, monitored, or tracked.

Plaintiff contends that an ongoing deprivation of the constitutional rights asserted in his Amended Complaint cannot adequately be repaired through monetary damages after final judgment.

Plaintiff recognizes, however, that fear or speculation alone is insufficient. He therefore relies upon the specific observations described in his sworn declaration and the supporting video, GPS/location, and historical evidence.

The Eighth Circuit has recently affirmed denial of preliminary injunctive relief where the required showing of irreparable harm was lacking.

### C. Plaintiff seeks narrowly tailored relief.

Plaintiff does not seek an order prohibiting Defendants from performing legitimate law-enforcement functions or preventing officers from encountering Plaintiff during legitimate police activity.

Instead, Plaintiff requests temporary relief directed toward conduct determined to constitute unconstitutional warrantless or suspicionless surveillance, monitoring, or tracking.

This limitation is intended to preserve legitimate law enforcement while protecting the constitutional interests Plaintiff asserts are presently being violated.

### D. Plaintiff contends that the balance of harms favors narrowly tailored relief.

Plaintiff contends that the requested relief protects him against the specific unconstitutional conduct alleged without preventing Defendants from conducting legitimate law-enforcement activities.

Plaintiff therefore submits that narrowly tailored relief would protect his asserted constitutional interests while minimizing interference with lawful governmental functions.

### E. Plaintiff contends that the public interest supports constitutional policing.

Plaintiff respectfully submits that the public has an interest in both the protection of constitutional rights and effective, lawful law enforcement.

The requested relief is intended to accommodate those interests by addressing only the allegedly unconstitutional conduct at issue rather than legitimate police activity generally.

## V. REQUEST FOR RELIEF

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. Grant Plaintiff's Motion for Temporary Restraining Order;
2. Temporarily prohibit Defendants, and persons acting in concert or participation with them who receive actual notice of the Court's order, from engaging in unconstitutional warrantless or suspicionless surveillance, monitoring, or tracking of Plaintiff;
3. Set Plaintiff's request for preliminary injunctive relief for such further proceedings as the Court determines appropriate; and
4. Grant such additional relief as the Court determines just and appropriate.

## VI. CONCLUSION

Plaintiff respectfully submits that his request is based upon an alleged continuing course of conduct rather than exclusively upon past events.

Plaintiff asks the Court to consider the November 16, 2026 evidence together with Plaintiff's earlier documented incidents, sworn declaration, and supporting evidence and determine whether temporary prospective relief is warranted under Federal Rule of Civil Procedure 65.

Respectfully Submitted

______________________

Richard B Bayson
4300 North 7th Street apartment 306
Lincoln Nebraska 68521
1-347-806-4762
richard.bayson@yahoo.com
Pro Se Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on **November 23, 2026**, I served a true and correct copy of **Plaintiff's Brief in Support of Motion for Temporary Restraining Order and Preliminary Injunction** by United States Mail, postage prepaid, upon the following counsel:

**Sarah J. Rada**
Counsel for City of Lincoln and Sergeant Alex Stover
555 S. 10th St., Suite 300
Lincoln, NE 68508

**Morgan Sanchez**
Deputy County Attorney
Lancaster County Attorney's Office
605 S. 10th St.
Lincoln, NE 68508

Respectfully submitted,

**Richard B. Bayson**
Plaintiff, Pro Se
4300 N. 7th St., Apt. 306
Lincoln, NE 68521
Telephone: (347) 806-4762
Email: richard.bayson@yahoo.com

Date: **November 23, 2026**

Signature: ______________________________
**Richard B. Bayson**