IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

RICHARD B. BAYSON,

Plaintiff,

vs.

CITY OF LINCOLN, Official Capacity; ALEX STOVER, Internal Affairs Seargeant - Personal Capacity, Lincoln Police; and LANCASTER COUNTY SHERIFF, c/o Lancaster County Attorney's Office;

Defendants.

**4:26CV3344**

**ORDER**

This matter is before the Court on Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction. Plaintiff, who is proceeding *pro se* in this case, requests that Defendants be prohibited from "engaging in unconstitutional warrantless or suspicionless surveillance, monitoring, or tracking of Plaintiff." (Filing No. 22.) Plaintiff claims that he has documented multiple encounters involving Lincoln Police Department vehicles at different locations in Lincoln, Nebraska and believes he is being monitored. He claims that he is not seeking to interfere with legitimate law-enforcement duties but desires a narrowly tailored injunction to prevent him from being monitored or tracked. Plaintiff has indicated to the Court that he intends to provide his TRO materials to Defendants' counsel. However, Defendants have previously filed motions in this case, so they will seemingly receive electronic notice of Plaintiff's filing.

The standard for analyzing a motion for a temporary restraining order ("TRO") is the same as the standard for analyzing a motion for a preliminary injunction. *Tumey v. MyCroft AI, Inc.*, 27 F.4th 657, 665 (8th Cir. 2022). For each, the court considers (1) the threat of irreparable harm to

the movant; (2) the balance between that harm and the injury that granting the injunction would inflict on other interested parties; (3) the probability that the movant will succeed on the merits; and (4) the public interest ("*Dataphase* factors"). *Johnson v. Minneapolis Park & Recreation Bd.*, 729 F.3d 1094, 1098 (8th Cir. 2013) (citing *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.dd 109, 114 (8th Cir. 1981)). No single factor is dispositive. *Tumey*, 27 F.4th at 665. The primary function of a TRO is to preserve the *status quo* until the district court has an opportunity to grant full effective relief. *Id*. The burden of establishing the propriety of a TRO is on the movant. *Id*.

Plaintiff's request for a TRO will be denied. Here, there is no threat of irreparable harm. Plaintiff's suspicion that law enforcement is tracking him because they happen to be in the same location as him is based on pure speculation. There could be legitimate law enforcement reasons which could explain their presence. The Court will, however, direct Defendants to respond to Plaintiff's request for a preliminary injunction within 14 days.

Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion for a temporary restraining order is denied.
2. Defendants shall respond to Plaintiff's motion for a preliminary injunction (Filing No. 22) within 14 days of its receipt.

Dated this 23rd day of November, 2026.

BY THE COURT:

Susan M. Bazis
United States District Judge