IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RICHARD BAYSON,<br><br>Plaintiff, pro se,<br><br>v.<br><br>CITY OF LINCOLN, ET AL.,<br><br>Defendants. | ) | CASE NO. 4:26cv3344<br><br>DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT |

COMES NOW, Defendant, Lancaster County ("County"), on behalf of the Lancaster County Sheriff's Office, by and through Morgan R. Sanchez and Kyle C. Jedlicka, Deputy Lancaster County Attorneys, and pursuant to NECivR 7.1(a)(1), submit this brief in support of their Motion to Dismiss Plaintiff's Amended Complaint, which has been filed contemporaneously herewith.

**CASE BACKGROUND**

Plaintiff filed his original complaint on or about October 13, 2026, against the named Defendants, the City of Lincoln, Superintendent of the Nebraska State Patrol, Internal Affairs Sergeant Alex Stover, and the Lancaster County Sheriff. (Doc #1, p. 1). Plaintiff completed the summons for service directed to the Lancaster County Attorney's Office, and service was attempted on the Lancaster County Attorney Chief Deputy, Christopher Turner. Proof of service was not submitted.

Within the Complaint, the Plaintiff asserted four causes of action for the suit all brought under 42 U.S.C. § 1983 for alleged violations of his first, fourth, and

fourteenth amendment rights. (Doc. #1, p. 3). Plaintiff subsequently filed a number of "Notices" to which the Court ordered as supplements to his original Complaint (Docs. #6, 9), including: a "Motion to Supplement the Record with Chronology of Surveillance Incidence and Notice of Video Records (Doc. #5), a "Motion to Supplement the Record with Internal Affairs Complaint Meeting and Notice of Retaliatory Enforcement Action" (Doc. #7), and a "Notice of Video Evidence in Plaintiff's Possession" (Doc. #8).

Defendants, the Lancaster County Sheriff and the City of Lincoln, on behalf of the City and Sergeant Alex Stover, each filed their own Motions to Dismiss and Briefs in Support for Failure to State a Claim. (Docs. #12-15). While the Motions to Dismiss were pending in front of the Court, Plaintiff filed a "Motion for Leave to File an Amended Complaint" attaching his proposed amended complaint. (Doc. #16). The Motion was granted by the Court as a matter of course pursuant to Fed. Ct. R. 15(a)(1)(B) (Doc. #18). Plaintiff then filed his first Amended Complaint on November 16, 2026. (Doc. #19).

Plaintiff's Amended Complaint now states three "counts" for relief arising under 42 U.S.C. § 1983 including "First Amendment Retaliation," "Fourteenth Amendment Equal Protection," and "Fourth Amendment Unreasonable Search and Seizure." (Doc #19 p. 5-7). The Amended Complaint alters the named Defendants by removing the Superintendent of the Nebraska State Patrol, otherwise, all originally named Defendants remain. (Doc. #19, p. 1). Plaintiff's Amended Complaint states under "Section II: Parties" that the Lancaster County Sheriff "is a

defendant in this action plaintiff asserts claims only on conduct allege to be attributable to the Lancaster County sheriff or responsible sheriff's Office personnel." (Doc. #19 p. 3).

Plaintiff's "Factual Background" alleges documented encounters with the Lincoln Police Department beginning in June of 2025 up to an escalating encounter with the Lincoln Police Department on October 4, 2026. (Doc. #19, p. 3). Plaintiff relies on factual allegations involving the Lincoln Police Department ("LPD") and his internal affairs complaint (Doc. #19, p. 3-4), a traffic stop conducted by the LPD on March 17, 2026 (Doc #19, p. 4), a follow up with the LPD Internal Affairs Department (Doc #19, p. 4), and an encounter with a LPD officer and vehicle on October 4, 2026. (Doc. #19, p. 4). Plaintiff does not allege any actions involving the Lancaster County Sheriff in his factual allegations.

## ARGUMENT

### I. Plaintiff has failed to properly serve Lancaster County and as a result the Amended Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(4) and (5).

Fed. R. Civ. P. 12(b)(4) and (5) govern defenses to insufficient service, and insufficient service of process within federal suits, and must be plead prior to a responsive pleading. When serving a foreign, state, or local government, Fed. R. Civ. P. 4(j) applies, and can only be accomplished by: (A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant. Under Nebraska law, a county must be served via the

chief executive officer or clerk through personal, residence, certified mail, or designated delivery service. Neb. Rev. Stat. § 25-510.02.

Subsequent to Plaintiff's filing of this action on or about October 13, 2026, he filed a summons, directing it to "Lancaster County" to be delivered care of the Lancaster County Attorney's Office. (Doc. #2, p. 7). As a result, the original Complaint for this action was served upon the Chief Deputy County Attorney, Christopher Turner. The Lancaster County Attorney's Office is not the proper party to be listed in the summons, nor was Christopher Turner the proper party to receive the service as neither are authorized to accept service on behalf of the County as neither qualify as the County's "chief executive officer" or "clerk" as required by Nebraska law.

Plaintiff was then given the opportunity to perfect the service defect with his filing of an Amended Complaint. However, no attempts to properly serve the Lancaster County Clerk to initiate proceedings against the County according to law have been attempted or received. In addition, the Plaintiff has shown no proof of service to this Court of his initial Complaint or his Amended Complaint through affidavit as required pursuant to Fed. R. Civ. P. 4(l)(1). Plaintiff has continued to fail in effectuating proper service upon Lancaster County, and the Amended Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(4) and (5).

**II. Plaintiff has failed to properly allege violation of his constitutional rights under 42 U.S.C. § 1983 and the Amended Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).**

In order to survive a motion to dismiss, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to satisfy this requirement, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Corrado v. Life Inv'rs Ins. Co. of Am.*, 804 F.3d 915, 917 (8th Cir. 2015) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In analyzing a motion to dismiss, the Court must "accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party, but [is] not bound to accept as true '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements' or legal conclusions couched as factual allegations." *McDonough v. Anoka Cnty.*, 799 F.3d 931, 945 (8th Cir. 2015) (quoting *Ashcroft*, 556 U.S. at 678). Because Plaintiff has failed to meet these standards, his Amended Complaint is subject to dismissal pursuant to Rule 12(b)(6). *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 203 (5th Cir. 2016) (declaring "Rule 12(b)(6) provides the one and only method for testing whether that standard has been met.").

Plaintiff specifically raises all three of his claims under 42 U.S.C. § 1983. The United States Supreme Court and the Eighth Circuit have established that a claim under § 1983 involves two specific elements: first, the complaint must allege a violation of a right protected by the United States Constitution or federal statute; and second, the plaintiff must show that deprivation of that right was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). The United States Supreme Court has recognized the definition of "person" under § 1983 can include municipalities and local governments. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978).

To state a claim for relief under § 1983 against a municipality or local government, the plaintiff must allege that the deprivation resulted from an "official policy, unofficial custom, or deliberately indifferent failure to train or supervise." *Corwin v. City of Independence*, 829 F.3d 695, 699 (8th Cir. 2016) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)); *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389, 109 S. Ct. 1197, 103 L.Ed.2d 412 (1989).

To sufficiently plead an unconstitutional "policy," Plaintiff must specifically identify a "policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the officers. *Monell v. Department of Social Services of City of New*

*York*, 436 U.S. 658, 690–91 (1978). A "custom" is sufficiently plead when the Plaintiff identifies a "practice" that is "so widespread as to have the force of law." *Perryman v. City of Bloomington*, 704 F. Supp. 3d 961, 967 (D. Minn. 2023). Most notably, the Plaintiff must allege that there is causation behind the conduct of the officers and deprivation of his rights because "Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). In order to state a cognizable § 1983 claim Plaintiff must set forth specific allegations showing what *each named Defendant* allegedly did or failed to do that purportedly violated his constitutional rights. *Dvorak v. Nebraska*, No. 8:17CV467, 2018 WL 1400425, at *3 (D. Neb. Mar. 20, 2018).

The Plaintiff fails to properly allege that the Defendant is responsible for the Plaintiffs' claimed damages because he neglects to name, identify, or even describe action by the Lancaster County Sheriff or its Deputies to which Plaintiff alleges have deprived him of his constitutional rights through policy or custom, and fails to state with specificity what the Defendant did or failed to do that equated to a constitutional violation. In fact, the Plaintiff makes not even a singular mention of the Lancaster County Sheriff beyond being a named Defendant. There is no specific action by the Defendant alleged by the Plaintiff within his Amended Complaint and as such, no causal link can be established that the Defendant's action resulted in the Plaintiff's deprivation of rights.

## CONCLUSION

Plaintiff's Amended Complaint does not contain a single allegation of wrongdoing against the Defendant. No allegations are plead in which a reasonable court could identify as plausible evidence that the Defendant is liable for the deprivation of his constitutional rights, nor is a claim for municipal liability met under 42 U.S.C. § 1983 because the Plaintiff fails to allege any actual deprivation of his constitutional rights. For these reasons, the Defendant's Motion should be granted, and Plaintiff's Amended Complaint should be dismissed.

DATED this 24th day of November, 2026.

THE COUNTY OF LANCASTER,
NEBRASKA, Defendant.

PATRICK CONDON
County Attorney.

By: *<u>/s/ Morgan R. Sanchez</u>*
Morgan R. Sanchez #28200
Kyle C. Jedlicka, #28738
Deputy Lancaster County Attorney
605 South 10th Street
Lincoln, NE 68508
(402) 441-7321
msanchez@lancaster.ne.gov
kjedlicka@lancaster.ne.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on November 24, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of the filing on this 24th day of November, 2026.

Richard Bayson
4300 North 7th Street, Apt 306
Lincoln, NE 68521
*Plaintiff, pro se*

Sara J. Rada
City Attorney's Office
SRada@lincoln.ne.gov
*Counsel for Defendant, City of Lincoln*
*Counsel for Defendant, Alex Stover*

By: */s/ Morgan R. Sanchez*
Morgan R. Sanchez, #28200

**CERTIFICATE OF COMPLIANCE**

The undersigned certifies that the foregoing brief complies with NECivR 7.1(d)(1): the brief was generated on Microsoft Word Version 2609 and totals 2,067 words in Century 12 pt. type. The undersigned further certifies this brief complies with NeCivR 7.1(d)(2): all citations and arguments are accurate and reliable and were drafted without the use of generative artificial intelligence.

By: */s/ Morgan R. Sanchez*
Morgan R. Sanchez, #28200